Lipscomb, .T.
The only error assigned and relied on by the counsel for the plaint iff in error is the granting- the motion of the defendant in error for an order of venditioni exponas.
There had been an execution and a levy, which was enjoined on the application of (he, plaintiff in error and on his giving- bond and security as required by the mandate of the judge as a condition to the issne of the injunction. The injunction after standing- for several years was dissolved and Lite petition dismissed. There was no appeal from the dismissal of the petition. Seven days after the decree dismissing- the petition for the injunction the counsel for the plaintiff’ in the execution entered a motion for venditioni exponas to issue. Across this motion the judge wrote motion granted, to which lie put his name officially. lie signed a bill of exceptions, in which lie. states that the counsel for tlie present plaintiff in error resisted the motion on the ground of a want of notice thereof, and that it liad not been spread on the motion docket. This is all that the record discloses about this motion, and no error assigned to tjie correctness of the decree dismissing the petition. We do not think that there lias been any judgment on the motion that we can revise; we most therefore dismiss the writ of error. If the order has been improperly granted for the sale and it should be attempted to be enforced, its correctness can be tested in another proceeding-, which will require from the court below such a judgment as can he revised. The writ of error is dismissed.
Writ of error dismissed.